BOYD, Judge.
This cause is before us on petition for writ of certiorari to review the orders of the Public Service Commission. By Order number 9091, dated September 8, 1970, the Commission granted Daytona Beach Limousine Service, petitioner herein, certificate number 1038 authorizing the transportation of passengers and their baggage:
“(1) Over irregular routes servicing the municipalities in Volusia County of Day-tona Beach, Daytona Beach Shores, South Daytona, Port Orange, Holly Hill and Ormond Beach, on the one hand, and on the other hand, the Daytona Beach Regional Airport, and servicing hotels and motels only; and (2) emergency movements from the Daytona *12 Beach Regional Airport to all points in Florida. All transportation will be in limousines having a passenger capacity of 12 or less, including the driver.”
In that order, the Commission denied Day-tona Limousine’s request that they be allowed to perform charter service. As a result of this restriction, Daytona Limousine filed a petition for reconsideration requesting that the restriction against charter operation be removed. On January 21, 1971, by order number 9302, the Commission denied the petition for reconsideration.
Florida Statutes § 323.14(1), F.S.A., as it existed at all times pertinent to petitioner’s application, provided:
“Any common carrier motor carrier holding a certificate may depart from the route described in such certificate if compelled to detour on account of the closing of roads, or may depart from its authorized routes of carriage for the purpose of transporting in charter carriage a party of passenges to a point or points not on such route, providing such charter party originated on the route of or at points served by such carrier.”
The foregoing Act was subsequently amended by the Legislature in 1970 to provide :
“Authority to engage in charter operation shall not be granted as a matter of right in any certificates issued subsequent to October 1, 1970, except in certificates issued pursuant to application filed prior to that date, unless the applicant has proved in an appropriate proceeding that public convenience and necessity requires such operation. In no event may the Commission grant charter rights except in conjunction with the grant of regular route certificates to motor common carriers of passengers.”
In the proceedings below, Greyhound Lines, Inc., intervenor, protested the grant of charter authority to Daytona Beach Limousine Service, petitioner herein, on the grounds that the language of Florida Statutes § 323.14, F.S.A., as it existed prior to October 1, 1970, contemplates regular route carriers only. The Commission agreed and ruled:
“We believe the legislative intent was to restrict charter operations to carriers who have routes described in their certificates.”
We have carefully reviewed the authorities cited by the Commission in its orders and can find no basis for limiting charter operations under § 323.14 prior to October 1, 1970, to common carriers having regular, as opposed to irregular, routes. Nor are we cited any authority for holding that an irregular route is not a “route.”
Florida Statutes § 323.14, F.S.A., prior to its amendment in 1970 applies to “any common motor carrier holding a certificate.” References to departure from “the route described in such certificate” and “authorized routes of carriage” do not, without more, limit charter authority to regular route carriers. An irregular route is both “authorized” and “described” in the certificate and is not excluded by the Statute.
This is the plain interpretation of the Statute and the one obviously given it by the Legislature. In order to make § 323.14 operate to allow charter rights only to regular route carriers, the Legislature found it necessary to amend the Act. We note that the amending Act, supra, expressly recognizes charter rights could have been granted as a matter of right in certificates issued prior to October 1, 1970.
Greyhound also contends that petitioner’s limousines are not “motor buses” and therefore, under Florida Statutes § 323.05(4) F.S.A.,[1] petitioner is not qualified *13 to offer charter service. We note that Florida Statutes § 323.01(10), F.S.A. provides:
“Charter carriage or service means the transportation of a group of persons who, pursuant to a common purpose and under a single contract, have acquired the exclusive use of a motor bus of a- greater capacity than nine, including the driver, in which to travel together as a group to a specified destination or for a particular itinerary either agreed upon in advance or modified or rearranged after having left the point of origin.” (e. s.)
Petitioner’s certificate authorizes, and petitioner operates, twelve-passenger limousines. We are cited no authority defining “motor bus” to exclude vehicles of the type operated by petitioner. Florida Statutes § 317.011, F.S.A., defines “bus” as follows:
“Every motor vehicle designed for carrying more than ten passengers and used for the transportation of persons; and every motor vehicle, other than a taxicab, designed and used for the transportation of persons for compensation.”
The Commission does not base its denial of charter rights on the type of vehicle petitioner maintains and there is no contention that petitioner’s vehicles are unsafe or unfit for charter service.
Accordingly, certiorari is granted and orders numbered 9091 and 9302, to the extent that they prohibit petitioner’s exercise of charter carriage rights incidental to its certificate, are quashed and the cause is remanded for further proceedings consistent herewith.
It is so ordered.
ROBERTS, C. J., and ERVIN, CARLTON, McCAIN and DEKLE, JJ., concur.
MASON, Circuit Judge, dissents with opinion,

. “ * * * In the interest of safety on the highways and safety of the traveling public, all carriage of passengers over public highways, for compensation, in groups of more than eight and in charter carriage as defined in this part, in a *13 single motor vehicle, shall be deemed to be charter carriage and shall be authorized and permitted only in motor buses and as a part of the common carrier service of common carriers of passengers operating under certificates of public convenience and necessity issued under the provisions of this part and the rules and regulations of the commission applicable to common carriers of passengers.”